IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELAINE MAYMI,

    Plaintiff,

v.

PUERTO RICO PORTS AUTHORITY, et al.,

    Defendants.

CIVIL NO. 03-2175 (RLA)

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

    Plaintiff filed this action alleging that defendants intentionally, or with deliberate indifference and callous disregard for her rights, deprived her of her rights to free speech, freedom of association, due process of law and equal protection under the laws by subjecting her to a hostile work environment and a pattern of discrimination.

    Plaintiff brings claims under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §§ 1983, 1985 and 1986. In addition, plaintiff asserts claims under Article II, §§ 1, 6, and 7 of the Constitution of the Commonwealth of P.R.; Articles 1802 and 1803 of the Puerto Rico Civil Code; the Puerto Rico Civil Service Statute, 3 P.R. Laws Ann. § 1301 et seq.; Act 100 of June 30, 1959, 29 P.R. Laws Ann. § 146 et seq.; and the law regulating the profession of attorneys, 4 P.R. Laws Ann. § 741 et seq.

    Defendants PUERTO RICO PORTS AUTHORITY and MIGUEL SOTO LACOURT, MARITZA VALLE and CARMEN VANESSA DAVILA have filed motions for

**CIVIL NO. 03-2175  (RLA)**                                              **Page 2**

summary judgment in their official and personal capacities.  See docket Nos. 97, 99-102.  Plaintiffs have opposed.  See docket Nos. 113, 114 and 116.[1]

Having painstakingly evaluated the motions filed by counsel, and after careful consideration thereof, the Court agrees with defendants that there is no genuine issue of material fact in controversy. Accordingly, the Court hereby GRANTS defendants' motions for summary judgment, as discussed below *seriatim*.

The Court FINDS that plaintiff:

(1) failed to establish a *prima facie* claim under 42 U.S.C. 1983 inasmuch as she was a trust employee, subject to being freely removed from her position in accordance with her official job description and Ports Authority regulations;

(2) lacks any evidence to link defendants to any wrongdoing, as she suffered no adverse employment action.  Plaintiff was reassigned from a trust position to her career position pursuant to Ports Authority Rules and Regulations which provide that employees in trust positions can be freely selected or removed.  Furthermore, plaintiff is not entitled to a salary similar to that earned in the trust position; she is entitled to receive her career salary along with merit increases, as warranted.

(3) failed to allege and demonstrate a conspiracy claim under 42 U.S.C. § 1985.  Plaintiff failed to allege any racial or class-based

---

[1] See also defendants' reply, docket No. 132.

**CIVIL NO. 03-2175   (RLA)**                                                                                   **Page 3**

discriminatory animus and failed to identify the class or minority to which she belongs.  Furthermore, the complaint does not contain any specific allegations regarding the purported conspiracy, does not identify specific acts taken in furtherance of the conspiracy and does not identify the individuals who furthered the alleged conspiracy.  In light of the above, her claims under 42 U.S.C. § 1986 must likewise be dismissed.

(4) failed to meet her burden of proof for a First Amendment claim, since, as a trust employee, her speech is not protected by the First Amendment.  <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951, 1959-60 (2006), <u>see also</u>, <u>Flynn v. City of Boston</u>, 146 F.3d 42 (1st Cir. 1998).

(5) asserts that she was deprived of her Fifth Amendment right to due process, yet the Due Process Clause of the Fifth Amendment applies only to the conduct of the United States or a federal action.  <u>Solis v. Prince Georges County</u>, 153 F.Supp.2d 793, 803 (D.Md. 2001) (citing <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and <u>Jones v. City of Jackson</u>, 203 F.3d 875, 880 (5th Cir. 2000)). Because plaintiff does not allege or present any evidence of federal involvement, defendants are entitled to summary judgment on this claim.

(6) failed to establish a claim under the Fourteenth Amendment of procedural due process.  As discussed previously, plaintiff did not have a cognizable property interest nor a legitimate claim of

**CIVIL NO. 03-2175  (RLA)**                                                              **Page 4**

entitlement in continued employment as a trust employee.  It has been established that policymaking and confidential employees can be dismissed on the basis of their political views if the government employer can show that it is an appropriate requirement for the effective performance of the public office involved.  <u>Correa Martínez v. Arrillaga-Beléndez</u>, 903 F.2d 49, 52 (1st Cir. 1990).

(7) failed to establish a claim under the Fourteenth Amendment of substantive due process since it is impossible to conclude from the facts alleged that defendants' conduct in reassigning her to her career position in any way shocked the conscience.

(8) failed to provide evidence demonstrating codefendant CARMEN VANESSA DAVILA's personal involvement in this case, as Ms. DAVILA was not working at the Ports Authority at the time that plaintiff was relocated to her career position.

The Court having dismissed the federal claims for lack of any genuine controversy regarding any material fact, hereby declines to exercise jurisdiction over plaintiff's supplemental state law claims.

Accordingly, defendants' motions for summary judgment (docket Nos. **97** and **102**) are hereby GRANTED and the complaint filed in this action is hereby DISMISSED with prejudice.

Judgment to issue.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of December, 2006.

                                          S/Raymond L. Acosta
                                            RAYMOND L. ACOSTA
                                   United States District Judge